CEM
Case 1:07-cv-06952   Document 1   Filed 12/11/2007   Page 1 of 6

FILED
DECEMBER 11, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles E. McAulliffe, | ) | **07 C 6952** |
| Plaintiff, | ) | |
| v. | ) No. | |
| Arrow Financial Services, LLC, a Delaware limited liability company, Intelenet Global Services, Ltd., a foreign corporation, and Intelenet America, Inc., a Delaware corporation, | ) ) ) ) ) ) ) ) | **JUDGE LEFKOW MAGISTRATE JUDGE MASON** |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Charles E. McAulliffe, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a declaration that Defendants' debt collection actions violate the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of this matter pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because Defendant Arrow Financial Services, LLC and Defendant Intelenet America, Inc. reside and transact business here and Defendant Intelenet Global Services, Ltd. transacts business here.

**PARTIES**

3. Plaintiff Charles E. McAulliffe ("McAulliffe"), is a citizen of the State of Alabama from whom Defendants attempted to collect a delinquent consumer debt that

had originally been owed for a Parisian department store charge card account.

4. Defendant, Arrow Financial Services, LLC ("Arrow"), is a Delaware limited liability company, with its principal place of business in Niles, Illinois, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts from its principal place of business in the Northern District of Illinois. Arrow was acting as a debt collector as to the debt it attempted to collect from Mr. McAulliffe.

5. Defendant Arrow is a debt scavenger that specializes in buying vast portfolios of delinquent consumer debts for which it pays pennies on the dollar. The debts Arrow buys are often so old that they are beyond the statute of limitations, and often Arrow has no documentary proof to support the validity of the debt -- a type of debt the media has recently termed "Zombie Debt". Arrow then tries to collect these debts, either directly, or indirectly, through other debt collectors.

6. Defendant, Intelenet Global Services, Ltd., a foreign corporation, and Intelenet America, Inc., a Delaware corporation (hereinafter collectively "the Intelenet Defendants"), act as debt collectors, as defined by § 1692a of the FDCPA, because they regularly use the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois. The Intelenet Defendants were acting as debt collectors as to the debt they attempted to collect from Mr. McAulliffe on behalf of Defendant Arrow.

## FACTUAL ALLEGATIONS

7.  Parisian is a chain of specialty department stores that was founded in Birmingham, Alabama in 1887. Parisian became a publicly-traded company in 1983 and joined Proffitt's Inc., in 1996. Thereafter, in 1998, Proffits, Inc. merged with Saks Holdings, Inc., and Parisian became Saks, Inc. In the summer of 2006, Belk, Inc. purchased the Parisian department store chain from Saks, Inc.

8.  Mr. McAulliffe filed a Chapter 13 bankruptcy petition on November 30, 1992 in a matter styled In re: McAulliffe, N.D. AL Bankr. No. 92-82683-JAC-13. Among the debts listed on Mr. McAulliffe's bankruptcy was a debt he originally owed to Parisian. A portion of Mr. McAulliffe's bankruptcy petition is attached as Exhibit A.

9.  In fact, Parisian filed a proof of claim in Mr. McAulliffe's bankruptcy on December 28, 1992. An excerpt of the Claims Register is attached as Exhibit B.

10. On February 20, 1997, Mr. McAulliffe received a discharge from liability as to his debts, including the Parisian department store charge card debt, and on February 20, 1997, the bankruptcy court mailed Notice of the Discharge to Parisian via first class U.S. Mail, see, Certificate of Service to Discharge of Debtor, attached as Exhibit C.

11. Nonetheless, at some point in time, Saks, Inc. took over thousands of Parisian accounts, including Mr. McAulliffe's discharged Parisian account, and Saks, Inc. thereafter placed the Parisian accounts into a securitized trust.

12. Mr. McAulliffe never had an account with "Saks, Inc." relative to his discharged Parisian charge account.

13. HSBC Private Label Acquisition Corp. ("HSBC"), subsequently purchased an interest in the trust containing the long delinquent Parisian accounts, including Mr.

McAulliffe's discharged Parisian account. HSBC, however, never serviced the accounts nor took any action to attempt to collect the Parisian accounts.

14. Mr. McAulliffe never had an account with HSBC relative to his discharged Parisian charge account.

15. Thereafter, Arrow purchased a portfolio of delinquent Parisian accounts from HSBC for mere pennies on the dollar. Mr. McAulliffe's discharged Parisian account was included in this portfolio.

16. Despite the fact that Mr. McAulliffe's Parisian account was well beyond the statute of limitations for collection and had been discharged in bankruptcy, the Intelenet Defendants sent Mr. McAulliffe a form debt collection letter, dated July 26, 2007, that demanded payment of an "A.F.S. Assignee of HSBC Bank N" debt. A copy of this collection letter is attached as Exhibit D.

17. Moreover, Defendants began making numerous telephone calls to Mr. McAulliffe in August 2007, demanding payment of the alleged "A.F.S. Assignee of HSBC Bank N" debt. During one of the first telephone calls, Mr. McAulliffe received from Defendants, the debt collector stated that the original debt was for a "J.C. Penney" account. Accordingly, Mr. McAulliffe contacted J.C. Penney to inquire about the account and was informed he did not have any such account with J.C. Penney. Thereafter, Mr. McAulliffe contacted Defendants and spoke with one of their collectors who stated the original debt was, in fact, a Parisian account. When Mr. McAulliffe informed Defendants' collectors on several occasions that he did not owe the debt, the collector informed him that the collection calls would, nonetheless, continue.

18. Defendants did, in fact, continue to contact Mr. McAulliffe by telephone multiple times per week, up to and including, in December 2007.

19. All of Defendants' collection actions at issue occurred within one year of the date of this Complaint.

20. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### Violation Of § 1692e Of The FDCPA -- Demanding Payment Of A Debt That Is Not Owed And Making False Statements

21. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A).

22. Demanding payment of a debt that was discharged in bankruptcy is false and/or deceptive or misleading, in violation of § 1692e(2)(A) of the FDCPA. See, Randolph v. IMBS, Inc., 368 F.3d 726 (7th Cir. 2004). Moreover, collecting on a time-barred, delinquent consumer debt, and misrepresenting the true identity of the original creditor in its collection communications are also false and/or deceptive or misleading collection actions, which violate § 1692e of the FDCPA.

23. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, Charles E. McAulliffe, prays that this Court:

1.  Declare that Defendants' collection actions violated the FDCPA;

2.  Enter judgment in favor of Mr. McAulliffe and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.  Grant such further relief as deemed just.

**JURY DEMAND**

Plaintiff, Charles E. McAulliffe, demands trial by jury.

                                              Charles E. McAulliffe,

                                              By:  /s/ David J. Philipps
                                              One of Plaintiff's Attorneys

Dated: December 11, 2007

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Bonnie C. Dragotto  (Ill. Bar No. 06286065)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)